STEVEN A. NIELSEN, CALIFORNIA STATE BAR NO. 133864
(STEVE@NIELSENPATENTS.COM)
100 LARKSPUR LANDING CIRCLE, SUITE 216
LARKSPUR, CA 94939-1743
TELEPHONE:(415) 272-8210

Attorneys for Plaintiff
ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, a Texas limited liability corporation

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
_____ DIVISION

| | |
|---|---|
| **ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC,**<br><br>                    Plaintiff,<br>  v.<br><br>**MANYTHING SYSTEMS LIMITED,**<br><br>                    Defendant. | PATENT<br><br>Case No. _____<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AGAINST MANYTHING SYSTEMS LIMITED**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rothschild Broadcast Distribution Systems, LLC ("Plaintiff" or "Rothschild Broadcast Distribution Systems") files this complaint against Defendant Manything Systems Limited ("Defendant" or "Manything") for infringement of U.S. Patent No. 8,856,221 (hereinafter the "'221 Patent") and alleges as follows:

## PARTIES

1.      Plaintiff is a Texas limited liability company with an office at 1400 Preston Road, Suite 400, Plano, Texas 75093.

2.      Defendant is a California Corporation with its principal office in the United States located at 71 Stevenson Street, San Francisco, California, 94105. Upon information and belief, Defendant may be served with process at the same address.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
AGAINST MANYTHING SYSTEMS LIMITED AND JURY DEMAND

**JURISDICTION AND VENUE**

3.      This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq. Plaintiff is seeking damages, as well as attorney fees and costs.

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5.      On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6.      Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the District.

7.      Venue is proper in this District under 28 U.S.C. §1400(b) because Defendant is deemed to be a resident in this District.  Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in the District.

**BACKGROUND**

8.      On October 7, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued the `221 Patent, entitled "System and Method for Storing Broadcast Content in an Cloud-Based Computing Environment" after the USPTO completed a full and fair examination. The '221 Patent is attached as Exhibit A.

9.      Rothschild Broadcast Distribution Systems is currently the owner of the `221 Patent.

10.     Rothschild Broadcast Distribution Systems possesses all rights of recovery under the `221 Patent, including the exclusive right to recover for past, present and future infringement.

11.     The `221 Patent contains thirteen claims including two independent claims (claims 1 and 7) and eleven dependent claims.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
AGAINST MANYTHING SYSTEMS LIMITED AND JURY DEMAND

1
2

<u>**COUNT ONE**</u>
<u>**(Infringement of United States Patent No. 8,856,221)**</u>

3

12.     Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 11, the same as if set

4

forth herein.

5

13.     This cause of action arises under the patent laws of the United States and, in particular

6

under 35 U.S.C. §§ 271, *et seq.*

7

14.     Defendant has knowledge of its infringement of the `221 Patent, at least as of the service

8

of the present complaint.

9

15.     Upon information and belief, Defendant has infringed and continues to infringe one or

10

more claims, including at least Claim 1, of the '221 Patent by making, using, importing, selling,

11

and/or offering for media content storage and delivery systems and services covered by one or

12

more claims of the '221 Patent.

13

16.     Accordingly, Defendant has infringed, and continues to infringe, the `221 Patent in

14

violation of 35 U.S.C. § 271.

15

17.     Defendant sells, offers to sell, and/or uses media content storage and delivery systems

16

and services, including, without limitation, Manything security cameras together with the

17

18

Manything system and Manything Pro app, and any similar products ("Product"), which

19

infringes at least Claim 1 of the '221 Patent.

20

18.     The Product practices a method of storing (e.g., cloud storage) media content (e.g. live

21

and recorded video) and delivering requested media content (e.g. view live footage and recorded

22

clips) to a consumer device. Certain aspects of these elements are illustrated in the screen shots

23

below and/or in screen shots provided in connection with other allegations herein.

24
25
26
27
28

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
AGAINST MANYTHING SYSTEMS LIMITED AND JURY DEMAND

1
2
3
4

**Live streaming**

Watch your live streams and
recorded videos from anywhere.

5
6
7

**Cloud recording**

Save recorded events to the cloud
with our monthly subscription
plans.

8  Source: https://manything.com/phones.html

9  Manything lets you monitor anything, from anywhere! With the Manything app you
10  can turn your spare phone or tablet into a home security camera, or add remote
    viewing and offsite cloud storage to your Hikvision CCTV cameras.
11  Source: https://manything.com/faqs.html

12  With our Cloud Recording plans your video is securely stored in our cloud
13  servers so you can review past footage and save clips. When your video
14  reaches 2 or 30 days old (depending on the plan you've chosen) it will
15  auto-delete so you don't have to manage your storage. Any clips you save
    will not be deleted. We don't take up room on your device.

16
17  Source: https://manything.com/pricing.html

18  19.    The Product necessarily includes at least one server for hosting and storing media content
19  for customers. For example, the Product necessarily includes at least one server (e.g. cloud
20  server) to store recorded security videos.

21  20.    The at least one server necessarily includes a first receiver configured to receive a request
22  message including data indicating requested media content (e.g., the server must have
23  infrastructure to receive a request to store recorded security videos or to stream recorded video
24  on a smartphone; additionally, the request message must contain data that identifies the video to
25  be stored or streamed) and a consumer device identifier corresponding to a consumer device
26  (e.g., the user credentials are used to tie a smartphone and user account to particular cameras and
27
28

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
AGAINST MANYTHING SYSTEMS LIMITED AND JURY DEMAND

the videos they produce). In the accused product, the cloud services (including camera view from cloud) can be accessed from web/mobile application (e.g. Manything Pro app) by signing in with correct credentials. Certain aspects of these elements are illustrated in the screen shots below and/or in screen shots provided in connection with other allegations herein.



Source: https://manything.com/sign-in.html



Source: https://manything.com/faqs.html

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
AGAINST MANYTHING SYSTEMS LIMITED AND JURY DEMAND

1
2
3
4
5
6
7
8



9  Source: https://itunes.apple.com/gb/app/manything-pro/id1345904903?mt=8

All Manything users can watch their camera live feeds. If you have a Manything
10  subscription you can also watch past recorded events.

11  Source: https://manything.com/faqs.html

12   21.     The Product necessarily includes a processor to determine whether the consumer device

13  identifier corresponds to the registered consumer device (e.g., the server must authenticate a

14  user's credentials to ensure that the credentials match those registered with a security camera

15  which the user would like to access). In the accused product, a user must be a registered user to

16  access Manything cloud services. Certain aspects of these elements are illustrated in the screen

17  shot below and/or in screen shots provided in connection with other allegations herein.

18
19
20   If you want to watch from the Manything app, open the app on the device you
have with you and login using your Manything username and password. Select
21   'Viewer' to see your camera feeds. You'll need iOS 8 / Android 4.2 or higher to view
your cameras.
22
Simply log in at the top of the Manything website to watch your footage from any
23   web browser.

24  Source: https://manything.com/faqs.html

25   22.     The Product provides for both media downloads and/or storage, and media streaming. As

26  per the information available, after successful login, a processor within the Product necessarily

27  determines whether the request received from a customer is a request for storage (e.g., recording

28

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
AGAINST MANYTHING SYSTEMS LIMITED AND JURY DEMAND

or storing content) or content (e.g. streaming of media content, live view). Certain aspects of these elements are illustrated in the screen shot below and/or in screen shots provided in connection with other allegations herein.



Source: https://itunes.apple.com/gb/app/manything-pro/id1345904903?mt=8




Source: https://manything.com/how-it-works.html

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
AGAINST MANYTHING SYSTEMS LIMITED AND JURY DEMAND

All Manything users can watch their camera live feeds. If you have a Manything subscription you can also watch past recorded events.

Source: https://manything.com/faqs.html

Watch camera live feeds and recorded video from anywhere

Source: https://itunes.apple.com/gb/app/manything-pro/id1345904903?mt=8

23.     The server verifies that media content (e.g., specific recording from a specific camera) identified in the media data of the storage request message (e.g., request to record content) is available for storage in order to prevent data errors that would result from attempting to store content that is not available for storage (e.g., the server must verify that a particular security camera is adequately connected to the internet as to allow for video recording and storage on the cloud; additionally, a user's ability to store video is limited to a certain amount of memory usage based upon their subscription, thus media content may not be available for storage if a user is already above their memory limit or if he hasn't subscribed to any service). Also, in the accused product, the number of cameras supported is based on the activated subscription pack. The user can also schedule the recording as per his or her requirement. Only the events happened during the scheduled time will be eligible to be recorded on the clouds storage. Certain aspects of these elements are illustrated in the screen shot below and/or in screen shots provided in connection with other allegations herein.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
AGAINST MANYTHING SYSTEMS LIMITED AND JURY DEMAND

Source: https://manything.com/pricing.html



Source: https://manything.com/cloud-recording.html

24.    If a customer requests content (e.g., live streaming of media content), then a processor within the Product necessarily initiates delivery of the content to the customer's device. The server will initiate delivery of the requested media content to the consumer device (e.g. stream live camera feed to a smartphone or tablet or desktop computer) if the request message is a content request message (e.g. request for live streaming). Certain aspects of these elements are illustrated in the screen shots below and/or in screen shots provided in connection with other allegations herein.



Source: https://manything.com/ifttt.html

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
AGAINST MANYTHING SYSTEMS LIMITED AND JURY DEMAND

1
2
3
4
5
6
7
8
9
10
11



Source: https://manything.com/how-it-works.html

12
13
14
15
16
17

25.     The media data includes time data that indicates a length of time to store the requested media content (e.g., a user is allowed to store videos for maximum of 30 days as based upon their subscription level). Certain aspects of these elements are illustrated in the screen shots below and/or in screen shots provided in connection with other allegations herein.

18
19
20
21
22
23
24
25
26
27



26.     The server must first determine whether the requested media content exists prior to

28

- 10 -

initiating delivery in order to prevent data errors that would result from attempting to transmit media content that does not exist (e.g., the server must verify that a particular security camera is adequately connected to the internet as to allow for video recording and streaming). Certain aspects of these elements are illustrated in the screen shots below and/or in screen shots provided in connection with other allegations herein.

Your video is stored securely in the Manything cloud, which is hosted on Amazon Web Services. We don't store any video on the device unless network connection is lost.

If you are using a smartphone or tablet as your Manything camera you'll need around 250Kbps up to the Internet – note that speeds are often quoted as download speeds but in this case you need to look at the upload speed as Manything sends video up to the cloud.

If your camera is running over a cellular network you can choose to only live stream over cellular, and to only upload recorded motion events when the device is connected to wi-fi.

Source: https://manything.com/faqs.html

27.     After the processor determines whether the requested media content is available, it determines whether there are restrictions associated with the requested media content (e.g., subscription level etc.).

28.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

29.     Defendant's actions complained of herein is causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

30.     Upon information and belief, Defendant has induced, and continues to induce infringement of the `221 Patent through its customers' actions, at least as of the service of the present complaint.

31.     The `221 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
AGAINST MANYTHING SYSTEMS LIMITED AND JURY DEMAND

32.     A copy of the '221 Patent, titled "System and Method for Storing Broadcast Content in a Cloud-based Computing Environment," is attached hereto as Exhibit A.

33.     By engaging in the conduct described herein, Defendant has injured Rothschild Broadcast Distribution Systems and is thus liable for infringement of the `221 Patent, pursuant to 35 U.S.C. § 271.

34.     Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `221 Patent, without license or authorization.

35.     As a result of Defendant's infringement of the `221 Patent, injured Rothschild Broadcast Distribution Systems has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

36.     Plaintiff is in compliance with 35 U.S.C. § 287.

37.     As such, injured Rothschild Broadcast Distribution Systems is entitled to compensation for any continuing and/or future infringement of the `221 Patent up until the date that Defendant ceases its infringing activities.

## DEMAND FOR JURY TRIAL

38.     Rothschild Broadcast Distribution Systems, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a)   Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b)   Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent No. 8,856,221 (or, in the alternative,

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
AGAINST MANYTHING SYSTEMS LIMITED AND JURY DEMAND

awarding Plaintiff running royalty from the time judgment going forward);

(c)  Award Plaintiff damages resulting from Defendants infringement in accordance with 35 U.S.C. § 284;

(d)   Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

April 9, 2019

OF COUNSEL:

Jay Johnson
(Application for Admission *Pro Hac Vice* to be filed)
Kizzia Johnson PLLC
1910 Pacific Ave.
Suite 13000
Dallas, TX 75201
(214) 451-0164
jay@kjpllc.com

By     /s/*Steven A. Nielsen*
Steven A. Nielsen
100 Larkspur Landing Circle, Suite 216
Larkspur, CA  94939
PHONE 415 272 8210
E-MAIL: Steve@NielsenPatents.com

Attorneys for Plaintiff *Rothschild Broadcast Distribution Systems, LLC*

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
AGAINST MANYTHING SYSTEMS LIMITED AND JURY DEMAND